**In re RAYMOND, Stacy, Joseph, and Sandra Lee B.**

**No. 95–253–Appeal.**

Supreme Court of Rhode Island.

June 18, 1996.

———

Anthony E. Angeli, Jr., Frank P. Iacono, Jr., Providence, for Plaintiff.

Catherine Gibran, Asst. Public Defender, Paula Rosin, Asst. Public Defender, for Defendant.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument on April 2, 1996, pursuant to an order that directed all parties to appear and show cause why the issues raised by the respondent-parents' appeal from an order of the Family Court terminating their parental rights should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

The respondent-parents appeal from the termination of their parental rights to their four children, Raymond, Jr. (born August 3, 1982), Stacy (born September 13, 1983), Joseph (born July 29, 1986) and Sandra Lee (born January 5, 1988).

The Department of Children, Youth, and Families (DCYF) on July 29, 1988, filed neglect and abuse petitions in the Family Court, seeking custody of the four minor children concerned in this proceeding. On December 19, 1988, the parents admitted to the neglect allegation, and the four children were committed to the care of DCYF under legal supervision status. On May 6, 1990, Stacy entered placement with DCYF at the voluntary request of the parents. On May 21, 1990, all four children were placed in temporary custody of DCYF. Shortly thereafter, DCYF sought removal of Raymond, Jr., Joseph, and Sandra Lee from the parents' home because of inappropriate home living conditions and the failure of the parents to abide by parent aide service programs initiated by DCYF. On March 21, 1991, after hearing, the Family Court found that all four children were being neglected by the parents, and the children were recommitted to DCYF custody. At that time the Family Court justice also ordered DCYF to arrange for a parent/child evaluation as well as psychological evaluations of the parents. The parents were ordered to cooperate with their evaluators and to follow whatever treatment-program recommendations that were made so as to assist DCYF in its family reunification plan. The case record reveals that little, if anything, was accomplished because of the parents' attitudes and their alcohol and drug-use tendencies.

On December 22, 1992, DCYF filed an involuntary termination of parental rights petition pursuant to G.L.1956 § 15-7-7(1)(b)(iii) and (1)(c). On September 16, 1993 DCYF filed a second petition to terminate pursuant to § 15-7-7(1)(b)(ii) based on "[c]onduct toward any child of a cruel and abusive nature."[1] On December 16, 1994, after trial, DCYF's petition to terminate the parents' parental rights to their four children was granted.

We need not set out in detail the evidence presented to the trial justice concerning the home setting in which the four minor children were required to live. Words such as "cruel," "bizarre" and "obscene" can hardly describe the parental conduct of the parents in the case. The trial justice had before him more than clear and convincing evidence from which to find and conclude that the parents were unfit by reason of their cruel and abusive conduct toward their four children and, as a consequence, to terminate their parental rights to those children. We will not disturb that finding.

The parents' appeal is denied and dismissed and the Family Court judgment terminating their parental rights in Raymond Jr., Stacy, Joseph, and Sandra Lee is affirmed. The papers in the case are remanded to the Family Court.

---

1. General Laws 1956 § 15-7-7 was amended in July 1994, but the language of § 15-7-7(1)(b)(ii), the subsection relevant to DCYF's second petition, remained unchanged.